## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDE TOOLE, | : | Civil No. 1:22-CV-00740 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| J. RIVELLO, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Defendants' unopposed motion for summary judgment. (Doc. 22.)  Claude Toole ("Plaintiff"), an inmate currently housed at the State Correctional Institution Forest ("SCI-Forest") in Marienville, Pennsylvania, has failed to respond to Defendants' motion despite being awarded additional time to file a brief in opposition.  (Doc. 25.)  For the following reasons, the court will grant Defendants' motion for summary judgment, enter judgment in favor of Defendants, and close the case.

### PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint under 42 U.S.C. § 1983 in May of 2022.  (Doc. 1.)  The complaint raises an Eighth Amendment deliberate indifference claim and a Fourteenth Amendment equal protection claim against three Defendants: (1) J. Rivello ("Rivello"), the Superintendent of SCI-Huntingdon; (2) J. Kohler ("Kohler"), the Deputy Superintendent for the Security

Department at SCI-Huntingdon; and (3) S. Grassmyer ("Grassmyer"), the Security Lieutenant at SCI-Huntingdon. (*Id.*) The complaint alleges that Plaintiff was attacked by gang-affiliated inmates while he was housed in the general population at SCI-Huntingdon. (*Id.*, p. 7.)[1] He alleges that he requested to be confined in the protective custody unit following the attack, but Defendants denied his request. (*Id.*, pp. 7–8.) He then alleges that he was attacked a second time. (*Id.*, p. 8.)

Following the second attack, he alleges that he requested to be confined in a protective custody unit and was again denied. (*Id.*) He alleges that he then intentionally violated facility rules in order to be placed in the restricted housing unit ("RHU"). (*Id.*, p. 9.) He states he took this action after he filed a staff slip with Defendant Grassmyer, which was disregarded. (*Id.*) Specifically, he received a misconduct for intimidation of a witness and terroristic threats and was placed in the RHU on March 17, 2022. (*Id.*, pp. 8–9.)

Plaintiff alleges that on March 30, 2022, he informed Defendant Kohler that he was not safe in the general population, and his concerns were disregarded. (*Id.*, p. 10.) He further alleges that he spoke with Defendant Rivello on April 13, 2022 regarding the danger he faced in the general population, and Defendant Rivello told him to "man-up because he was being released back to general population." (*Id.*, pp. 10–11.) When Plaintiff refused to return to the general population on

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

April 13, 2022, he was issued a misconduct. (*Id.*, pp. 11–12.) The same occurred on April 27, 2022, resulting in an additional misconduct. (*Id.*, pp. 12–13.)

Plaintiff paid the filing fee on June 7, 2022, and the court sent Defendants waiver of service forms on June 10, 2022. (Docs. 5, 6.) Defendants answered the complaint on August 8, 2022. (Doc. 10.) The court entered a case management order on August 11, 2022. (Doc. 12.) A status conference was held on February 22, 2023, in which all parties were present telephonically. All parties were made aware of all deadlines, and Plaintiff was made aware of outstanding discovery requests. Discovery closed on March 31, 2023. (*Id.*) On April 11, 2023, Plaintiff filed a brief in opposition to a non-existent motion to dismiss. (Doc. 18.) On April 21, 2023, the court granted Defendants' motion to compel discovery after Plaintiff failed to respond to their discovery requests. (Doc. 19.) However, recent filings demonstrate that Plaintiff failed to comply with this order. (Doc. 23, p. 8.)

On May 26, 2023, Defendants filed the instant motion for summary judgment, statement of facts, and brief in support. (Docs. 22, 23, 24.) Plaintiff did not file a brief in opposition. On June 22, 2023, the court entered an order extending the deadline for a brief in opposition and cautioning Plaintiff that a failure to file such a brief would result in the motion being reviewed as unopposed. (Doc. 25.) As of the date of this order, Plaintiff has not filed a brief in opposition.

**JURISDICTION AND VENUE**

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. §

1331, which allows a district court to exercise subject matter jurisdiction in civil

cases arising under the Constitution, laws, or treaties of the United States.  Venue

is proper in this district because the alleged acts and omissions giving rise to the

claims occurred at SCI-Huntingdon, located in Cumberland County, Pennsylvania,

which is located within this district.  *See* 28 U.S.C. § 118(b).

**MOTION FOR SUMMARY JUDGMENT STANDARD**

A court may grant a motion for summary judgment when "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a).  A dispute of fact is material if resolution of

the dispute "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is

not precluded by "[f]actual disputes that are irrelevant or unnecessary."  *Id.*  "A

dispute is genuine if a reasonable trier-of-fact could find in favor of the

nonmovant' and 'material if it could affect the outcome of the case."  *Thomas v.

Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh

Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts

in the light most favorable to the non-moving party and draw all reasonable

inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

5

*Celotex*, 477 U.S. at 322.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 252.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

### A. Defendants' Alleged Facts

Defendants set forth the following facts, which have gone unopposed by Plaintiff.  (Doc. 23.)

Plaintiff was housed at SCI-Huntingdon from May 2, 2019, until his transfer in October of 2022.  (*Id*., ¶ 2.)  He suffered a single attack that occurred prior to the March 2020 pandemic.  (*Id*., ¶ 5.)  Plaintiff did not know the two inmates who attacked him.  (*Id*., ¶ 6.)  He only received "little cuts and bruises" from the attack and did not disclose the names of the inmates who attacked him to anyone at SCI-Huntingdon.  (*Id*., ¶¶ 7–8.)  Defendants Rivello, Kohler, and Grassmyer were not present during the attack.  (*Id*., ¶ 17.)  He refused to disclose the attackers' names during discovery.  (*Id*., ¶ 9.)

After the attack, Plaintiff was not attacked again.  (*Id*., ¶ 12.)  However, he did receive verbal threats from unidentified inmates.  (*Id*., ¶ 13.)  Plaintiff did not

6

report these verbal threats to correctional staff until after he was placed in RHU in 2022.  (*Id.*, ¶ 14; Doc. 23-2, p. 29.)  The last verbal threat Plaintiff received was in February of 2022, prior to being placed in the RHU.  (Doc. 23, ¶ 15.)

Plaintiff knew what the attackers looked like and what block they lived on, but did not give Defendants that information.  (*Id.*, ¶ 23.)  He never told anyone the name of the attackers or of those making verbal threats against him.  (*Id.*, ¶¶ 24–25.)  Plaintiff never provided a physical description of his attackers or of those making threats.  (*Id.*, ¶ 26.)  Based on the information provided by Plaintiff, no threat was able to be verified against him.  (*Id.*, ¶ 28.)

## B. Defendants' Motion for Summary Judgment Will Be Granted.

Plaintiff's complaint raises two claims against Defendants: an Eighth Amendment deliberate indifference claim and a Fourteenth Amendment equal protection claim.  (Doc. 1.)  Based on the facts presented by Defendants and unopposed by Plaintiff, Defendants' motion will be granted, and judgment will be entered in favor of Defendants.

### 1. Eighth Amendment Claim

"A prison official's 'deliberate indifference' to a substantial risk of harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  *Id.* at 833 (citations omitted).  "It is not, however,

every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834.

The Supreme Court has found that an Eighth Amendment claim against a prison official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." *Id*.  Furthermore, in cases involving prison safety or prison conditions, the relevant state of mind "is one of 'deliberate indifference' to inmate health or safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 130 (3d Cir. 2001).  This deliberate indifference standard "is a subjective standard under *Farmer*–the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Id*.  Thus, "[d]eliberate indifference can be shown when a prison official *knows of and disregards* an excessive risk to inmate health or safety." *Hamilton v. Leavy,* 117 F.3d 742, 747 (3d Cir. 1997) (emphasis added).

### i. The 2020 Attack Is Outside the Statute of Limitations Period

Defendants have presented evidence, in the form of Plaintiff's deposition, that the attack referred to in the complaint took place prior to the March 2020 pandemic.  (Doc. 23, ¶ 5; Doc. 23-2, pp. 11–12, 20–21.)  Furthermore, they presented evidence that only one attack took place.  (*Id*.)  There is no evidence

presented in this case that that supports plaintiffs allegation that two attacks took place.

As Defendants correctly state, § 1983 claims are subject to a two-year statute of limitations. *See Bougher v. University of Pittsburgh,* 882 F.2d 74, 78–79 (3d Cir. 1989) ("[A]s a matter of federal law, all section 1983 claims are subject to the state statute of limitations for personal injury actions."). Plaintiff has presented no evidence or argument that this statute of limitations should be tolled.

The complaint was received and filed by the court on May 19, 2022. (Doc. 1.) Plaintiff dated the complaint on May 15, 2022. (*Id.*) Therefore, by either the date the court received and filed the complaint or by the date Plaintiff signed the complaint and mailed it to the court, the pre-March 2020 attack is outside this two-year statute of limitations. As such, any Eighth Amendment claim stemming from the attack is time-barred.

Furthermore, in his deposition, Plaintiff stated that he was not aware of any danger prior to the attack and never told any of the Defendants about the attack until March of 2022. (Doc. 23-2, pp. 24–25, 27.) Therefore, even if the claim were not time-barred, Plaintiff cannot establish the requisite state of mind on the part of Defendants to support an Eighth Amendment deliberate indifference claim for the pre-March 2020 attack. If Plaintiff was not aware of the danger, he could not have informed Defendants of the danger. Even after the attack, he waited two

years to inform Defendants of the incident.  As such, the court will grant judgment in favor of Defendants.

### ii.  Refusal To Place Plaintiff in Protective Custody

Remaining is Plaintiff's Eighth Amendment claim against Defendants for their repeated refusals to place him in protective custody based on his requests. However, Defendants have presented evidence, in the form of Plaintiff's deposition, that Plaintiff failed to inform them of the attack and continued to refuse to disclose to Defendants who perpetrated the attack and threats.  (Doc. 23; Doc. 23-2, pp. 11–13, 22–23, 27–28.)  Since Plaintiff failed to inform Defendants of the details of the attack and threats, he cannot establish the requisite state of mind required on the part of Defendants to succeed on an Eighth Amendment deliberate indifference claim.  Specifically, he states that he did not inform Defendants of either the attack or the threats until his placement in RHU, which was after his initial requests for protective custody were denied.  (Doc. 23-2, pp. 24–25, 29.) Plaintiff's requests continued to be denied.  He continued to refuse to name those who attacked him and those who threatened him through the date of his deposition in September of 2022.  (*Id*., p. 70.)

The Supreme Court contemplates Eighth Amendment claims where prison officials are simply aware of a general risk to an inmate:

> if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-

10

documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.

511 U.S. at 842–43 (internal citations omitted).  However, Plaintiff's general reports of danger to him in the general population were not longstanding, pervasive, or well-documented.  Therefore, the court will grant Defendants' motion and grant judgment in favor of Defendants.

### 2.  Fourteenth Amendment Claim

Plaintiff also alleges that Defendants' refusal to place him in protective custody violated the equal protection clause by failing to treat him the same as similarly situated inmates.  (Doc. 1, pp. 24–25.)

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that "all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Thus, "[t]o bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiff[ ] must prove the existence of purposeful discrimination.  They must demonstrate that they received different treatment from that received by other individuals similarly situated."  *Chambers ex rel. Chambers v. Sch. Dist. Of Phil.*

*Bd. of Educ.*, 587 F.3d 176, 197 (3d Cir. 2009) (internal quotation marks and citation omitted).

Defendants have presented evidence that Plaintiff failed to disclose details of the attack and threats against him.  (Doc. 23; Doc. 23-2, pp. 11–13, 22–23, 27–28.) Therefore, Defendants state that they were unable to substantiate any of his allegations of danger.  (Doc. 23; Doc. 23-2, pp. 43–47.)  Essentially, Plaintiff requested protective custody, but was otherwise uncooperative.  Plaintiff has presented no evidence to demonstrate that he was treated differently than other similarly situated individuals.  "Bare assertions, conclusory allegations, or suspicions will not suffice," to survive a motion for summary judgment. *Jutrowski*, 904 F.3d at 288–89.  Plaintiff has failed to respond to Defendants' motion in any form.  Therefore, the court is left with only the accusations raised in the complaint, which are insufficient.  The court will grant Defendants' motion and enter judgment in favor of Defendants.

CONCLUSION

For the above stated reasons, the court will grant Defendants' motion for summary judgment, enter judgment in favor of Defendants, and close the case.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: February 8, 2024